**Ronald S. BERRY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54067.**

Supreme Court of Missouri,
Division No. 2.

Dec. 8, 1969.

J. Arnot Hill, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Defendant has appealed from an order of the circuit court, entered after an evidentiary hearing, overruling his motion filed pursuant to Supreme Court Rule 27.-26, V.A.M.R., to vacate the judgment and sentence entered pursuant to his plea of guilty to first degree robbery on the ground that his plea was not entered voluntarily within the meaning of Supreme Court Rule 25.04, V.A.M.R.

The record indicates the following circumstances gave rise to the charge against defendant. Defendant and Michael Watson entered a Kroger store and by use of a pistol in the hands of defendant forced the store manager to open a safe and turn over to them more than $1,500. However, before they were able to leave the store

they were apprehended by Kansas City police officers.

Both Watson and defendant were represented by employed counsel, Mr. S. Richard Beitling, who had considerable experience in criminal proceedings. On October 27, 1967, defendant appeared in court with his counsel and stated that he desired to change his plea from not guilty to guilty. The court then examined defendant as to his age and the facts of the case, at which time defendant volunteered the information that it was he and not Watson who had possession of the pistol at the time of the robbery. The court then asked defendant if he had talked to his parents and his counsel and he replied that he had. The court then stated that it would ask defendant "a few other questions and see whether you understand this plea that you have entered here." The defendant, in answer to questions, then stated that he understood the charge against him and knew the range of punishment, that he knew the court would impose the punishment, that he did not want a jury trial, and that he had talked this over with his attorney. In the presence of defendant, his attorney then advised the court that if defendant desired a jury trial he would represent him and present any evidence desired by defendant in his defense. The court then examined defendant concerning his schooling and his health, and advised defendant it would not accept a plea of guilty from "anyone who thinks he is not guilty," but defendant replied that he was entering a plea of guilty because he was guilty. The court then ordered a presentence investigation.

On December 6, 1967, forty days later, defendant again appeared before the trial court with his counsel. The court asked defendant if he recalled entering his plea of guilty, and if he then understood that his reason for being in court at that time was for the court to impose punishment, and defendant replied affirmatively to both questions. The court then asked defendant if he knew of any legal reason why sentence should not be imposed, and defendant replied that he did not. Defendant's counsel then advanced various arguments for leniency. The court noted that the presentence investigation indicated numerous previous charges and convictions, and the court stated that on the day he entered his plea to first degree robbery, defendant had been arraigned on charges of stealing a motor vehicle and assault with intent to rob. After reviewing with defendant his numerous arrests and convictions, the court asked him if he had "anything more to say" and defendant replied that he did not. The court then asked for the recommendation of the prosecutor who replied that in view of the type of the crime it was the State's position that "a severe penalty should be levied by the court." After again asking defendant and his counsel if there was "any reason whatsoever, legal or otherwise" why sentence should not be imposed the court imposed a sentence of twenty-five years imprisonment.

In his motion defendant alleged that he was "induced into entering his plea of guilty * * * upon [an] agreement of the prosecuting attorney of the case prior to his plea [apparently referring to the plea of guilty by Watson who did enter a plea of guilty immediately prior to defendant]; and promising [defendant] that he would be given no more than a (5) five year sentence if he would so consider and enter a plea of guilty." He then alleged that he was sentenced to twenty-five years which was "a twenty year excessive sentence to the coerced bargain," and that the sentence was illegal because neither he nor the court "signed a written waiver" of jury trial.

At the evidentiary hearing on his motion, defendant testified that he entered his plea of guilty as the result of a promise from his attorney that "if you plead guilty * * * the prosecutor's office will drop [the other two pending charges] and you will get * * * five to seven years, and Watson will get five years." Defendant stated that his attorney had told him that

his "case looks bad," that he "wouldn't want to have a jury trial and that it would be best for us to plead guilty." Defendant admitted that he had not talked to any member of the prosecutor's office, but when his attorney "made that statement" (apparently referring to the sentence defendant would receive) in front of the prosecuting attorney, "he didn't say anything," and defendant "thought * * * that they had already made this agreement."

Mr. Beitling was called as a witness by defendant. He testified that he had discussed the case with defendant and also with the prosecuting attorney, and that because of the facts of the case he thought "it would be to [defendant's] benefit to enter a plea of guilty," and so advised him. He also advised defendant of the limits of punishment, and based on what he then knew he thought "it would have been to his advantage * * * to do a pre-sentence investigation on him." Counsel also advised defendant that it was his impression that the prosecutor's office was "not interested in requesting a severe or heavy sentence," and he testifed that he believed the prosecutor's office had indicated to him that "someplace near the minimum is what they thought this thing would generally be worth." However, defendant's counsel also testified that he told defendant, and that he "believed that [defendant] understood," that no promise could be made as to "what the court would give," but that he thought, "knowing only what we did know at that time," and considering his background and past record, that defendant "would get someplace between five and possibly ten years, maybe fifteen years." Mr. Beitling also testified that he "emphasized" to defendant that the prosecuting attorney could make recommendations to the court concerning the punishment, and that he also could do so, but that neither he nor the prosecutor could bind the court, and that prior to the sentencing there was no indication from the court as to what the sentence would be, and there was no prom-

ise from the prosecutor's office as to what would be its recommendation.

The trial court found that defendant admitted the robbery of which he was charged, that defendant knowingly and voluntarily waived his right to trial by jury, and that no promises were made to defendant by the court, the prosecutor or his counsel to induce his plea of guilty.

Defendant's only point on this appeal is that his plea "was not voluntary" because he "believed he would receive a sentence of from five to seven years in the penitentiary."

Defendant's position is that his belief as to the amount of sentence was brought about because of an agreement between his attorney and the office of the prosecuting attorney. Whether such an agreement existed, or whether defendant had a reasonable basis to believe there was such an agreement, was an issue of fact. His attorney denied that such an agreement existed, and he refuted every basis for defendant to believe such an agreement existed. Instead, defendant's attorney testified that he "emphasized" to defendant that neither he nor the prosecutor could bind the court, and that the court would determine the sentence after a presentence investigation. He heard the court order a presentence investigation, a wholly useless and unnecessary act if the sentence had been agreed upon. He also heard the prosecutor recommend that the court should impose a "severe penalty," and thereafter when asked by the court if there was "any reason whatever, legal or otherwise" why sentence should not be imposed, defendant remained silent.

Our review is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Supreme Court Rule 27.26(j), V.A.M.R.; Crosswhite v. State, Mo., 426 S.W.2d 67. The issue at the hearing became primarily one of who the trial court should believe, and in view of the above testimony and the occurrences at the time

of sentencing, it cannot be said on this appeal that the findings, conclusions and judgment of the trial court were clearly erroneous.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.